[S. F. No. 16909.   In Bank.   Dec. 23, 1943.]

JACOB WEINBERGER, Petitioner, v. HARRY B. RILEY, as State Controller, Respondent.

Eugene W. Miller, Dempster McKee and Miller, Higgs, Fletcher & Glen for Petitioner.

Robert W. Kenny, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

THE COURT.—This is an original application for a writ of mandate directing respondent, as Controller of the State of California, to issue and deliver a warrant for the payment of salary allegedly due petitioner for his services as Judge of the Superior Court of the State of California, in and for the County of San Diego. Respondent, who has appeared by both demurrer and answer, refuses to issue a warrant, on the ground that petitioner is not a duly qualified judge in that there was no vacancy in the office at the time of his asserted appointment.

The facts are stipulated and (except as to the character of the proceeding) are similar in all essential circumstances to those involved in *People ex rel. Happell* v. *Sischo, ante,* p. 478 [144 P.2d 785], our opinion in which case has this day been filed and which is determinative of this matter insofar as the question as to vacancy in office is concerned. ■ We are satisfied that the Honorable Arthur L. Mundo, who was elected to the disputed office, who qualified for and entered upon, the term expiring January 8, 1945, and who, as a retired officer of the United States Navy, was recalled to active duty by competent orders effective September 8, 1942, and has since that date been engaged exclusively in the performance of his naval duties, must be deemed to be absent on military leave from his state office during the period while he is "engaged in the performance of ordered military or naval duty and while going to and returning from such duty" (Military and Veterans Code, sec. 395). Hence, upon the authority of *People ex rel. Happell* v. *Sischo, supra, ante,* p. 478 [144 P.2d 785], we conclude that the office was vacant in the sense that it was not being exercised or held during such period, and that the governor could properly appoint a qualified person with de jure title to fill such temporary "vacancy" during the period of Judge Mundo's absence, not however beyond the next general state election.

Petitioner holds and exercises the de jure title and possession of the office during Judge Mundo's absence. Under those circumstances he is entitled to the compensation incident to the office.

For the reasons stated, the demurrer to the petition is overruled and it is ordered that a peremptory writ of mandate issue as prayed.

Curtis, J., and Edmonds, J., did not participate.